**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4096**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ANTONIO CAMERON,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:07-cr-00331-BO-1)

Submitted:  December 20, 2010      Decided:  February 9, 2011

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New
Bern, North Carolina, for Appellant.  John Stuart Bruce, Acting
United States Attorney, Anne M. Hayes, Jennifer P. May-Parker,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Cameron appeals the eighty-four-month sentence imposed after we remanded his case for resentencing in accordance with 18 U.S.C. § 3553(a) (2006), and United States v. Carter, 564 F.3d 325 (4th Cir. 2009). On appeal, Cameron argues that the sentence imposed on remand was procedurally unreasonable because the district court did not follow proper procedure in imposing an upward variant sentence, provide an individualized assessment based on the § 3553(a) factors and the facts of the case, or adequately support the upward variance. Cameron also contends that the district court erred in not limiting its inquiry to the appropriateness of an upward departure based on the Government's motion. Finding no reversible error, we affirm.

In fashioning a sentence, the district court must first calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 38, 49 (2007). The court must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in § 3553(a) before imposing its sentence. Id. at 49-50. If the court determines that a sentence outside the applicable sentencing range is appropriate, "the court's stated reasons for [imposing such a sentence] must be sufficiently compelling to support the degree of the variance." United States v. Lewis,

2

606 F.3d 193, 201 (4th Cir. 2010) (internal quotation marks omitted). "[A] major departure should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50.

Because Cameron properly preserved his claims, we review for reasonableness under an abuse of discretion standard, reversing unless any sentencing error was harmless. United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010); see Gall, 552 U.S. at 46. First, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, "a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." Carter, 564 F.3d at 329. Rather, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at

3

hand and adequate to permit 'meaningful appellate review.'" Id. at 330 (quoting Gall, 552 U.S. at 50) (internal footnote omitted). Further, in imposing a variant sentence, the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50.

Once we have determined there is no procedural error, we must then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. at 51. We may not presume an outside-Guidelines sentence is unreasonable. Id. "[We] may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

Keeping the above standards in mind, we conclude that the district court did not err in declining to limit its inquiry to the appropriateness of an upward departure, see United States v. Booker, 543 U.S. 220, 245 (2005) (stating that the Sentencing Reform Act of 1984 "makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well.") (internal citation omitted), or in deciding to impose an upward variant sentence.

Additionally, we conclude that the sentence imposed was both procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED